STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RHONDA CANTERBERRY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0729** (BOR Appeal No. 2048042)
                    (Claim No. 2005042292)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KELLOGG USA, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Rhonda Canterberry, by Reginald D. Henry and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 28, 2013, in which the Board affirmed a January 16, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 24, 2011, decision granting Ms. Canterberry a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Canterberry worked as a manager for Kellogg USA, Inc. On May 11, 2005, she slipped and fell on a wet spot on the floor while stocking shelves. The claims administrator held her claim compensable for a left knee strain. Following the decision, Ms. Canterberry came under the care of Philip J. Branson, M.D., who found that she had a tear of the lateral meniscus. Frederick B. Morgan, M.D., then performed a partial lateral meniscectomy of her left knee. Several years later, Rakesh Wahi, M.D., performed an independent medical evaluation on Ms. Canterberry. He determined that she had 1% whole person impairment under Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for her partial lateral meniscectomy. Dr. Wahi found no additional impairment related to her left knee injury. On March 24, 2011, the claims administrator granted Ms. Canterberry a 1% permanent partial disability award based on Dr. Wahi's evaluation. Robert B. Walker, M.D., then performed an independent medical evaluation. Dr. Walker found that Ms. Canterberry had 6% whole person impairment related to her May 11, 2005, injury. However, Dr. Walker's report indicated that his impairment recommendation was based on an evaluation, including flexion and extension testing, of Ms. Canterberry's right knee instead of her compensable left knee. On January 16, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on June 28, 2013, leading Ms. Canterberry to appeal.

The Office of Judges concluded that Ms. Canterberry had 1% whole person impairment related to her May 11, 2005, injury. In reaching this determination, the Office of Judges relied on Dr. Wahi's evaluation, which it found was persuasive. The Office of Judges also considered the opinion of Dr. Walker, but it found that Dr. Walker's recommendation of 6% whole person impairment was related to Ms. Canterberry's right knee, which was not a compensable condition of the claim. The Office of Judges determined that Dr. Walker's reference to Ms. Canterberry's right knee impairment throughout his report could not be explained as a typographical error. It found that Dr. Walker's evaluation was not relevant in determining the permanent partial disability award for Ms. Canterberry's left knee. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Canterberry argues that Dr. Walker's reference to her right knee was a typographical error and his report should have been relied on as an assessment of the whole person impairment related to her left knee.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Canterberry has not demonstrated that she is entitled to any greater than a 1% permanent partial disability award related to the left knee injury she suffered on May 11, 2005. The evaluation of Dr. Wahi shows that Ms. Canterberry had 1% whole person impairment related to her left knee. Dr. Wahi properly applied the American Medical Association's *Guides*, and there is nothing in the record undermining the credibility of his report. The Office of Judges was justified in relying on Dr. Wahi's opinion. The Office of Judges also provided sufficient reasons to not rely on Dr. Walker's assessment of Ms. Canterberry's whole person impairment. Dr. Walker's frequent reference to his evaluation of Ms. Canterberry's right knee indicates that he incorrectly provided an impairment recommendation for her right knee instead of her left

knee. The error in Dr. Walker's report does not appear to be merely typographical. It sufficiently undermines his credibility that it precludes the use of his opinion in determining the percentage of Ms. Canterberry's permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3